UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PATRICIA WAYNE WILLIAMS

VERSUS

LOUISIANA STATE BOARD
OF ELEMENTARY AND
SECONDARY EDUCATION(BESE)

CIVIL ACTION

NUMBER 09-914-RET-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 7, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA WAYNE WILLIAMS

VERSUS

LOUISIANA STATE BOARD
OF ELEMENTARY AND
SECONDARY EDUCATION(BESE)

CIVIL ACTION

NUMBER 09-914-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Patricia Wayne Williams. Record document number 8. The motion is opposed.[1]

Plaintiff moved to remand this case for lack of subject matter jurisdiction. Plaintiff asserted that upon dismissal of her allegations that the defendants violated federal law, the court lacks subject matter jurisdiction and the case should be remanded to state court.

Defendants argued that at the time of removal the federal claims were clearly alleged in the plaintiff's original and amended petitions filed in state court. Therefore, amending to dismiss the federal claims after removal will not divest this court of jurisdiction. Defendants also argued in the alternative that if the federal claims are dismissed, under the circumstances the court should exercise its discretion and retain supplemental jurisdiction

---

[1] Record document number 12.

over the plaintiff's state law claims.

## **Applicable Law**

A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well pleaded complaint" rule, as discussed in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841 (1983), a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Thus, federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. at 2855-56; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 921-22 (5th Cir. 1997). When a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction. *See*, *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 127 S.Ct. 1397, n. 6 (2007), *citing*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346-47, 108 S.Ct. 614, 617 (1988).

Even though amending a complaint to drop all federal claims in removal cases does not divest the court of subject matter jurisdiction, the court may nevertheless decline under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over the remaining state law claims. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, ____ U.S. ____, 129 S.Ct. 1862, 1866-67 (2009), *citing*, *Osborn v. Haley*, 549 U.S. 225, 245, 127 S.Ct. 881 (2007). Section 1367(c)(3) states that the district court may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if it "has dismissed all claims over which it has original jurisdiction." Generally, a federal court should decline to exercise jurisdiction over supplemental state law claims when all federal claims are disposed of prior to trial. *Carnegie-Mellon*, 484 U.S. at 350, 108 S.Ct. at 619. A federal court should consider and weigh in each case and at every stage of the litigation the principles of judicial economy, convenience, fairness and comity in order to decide whether to exercise supplemental jurisdiction. *Id.* Furthermore, in deciding whether to decline to exercise jurisdiction over the state law claims, the court considers a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 534 (1997). When the balance of factors indicates that a case

properly belongs in state court, such as when the federal law claims have dropped out of the suit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction. *Carnegie-Mellon*, *supra*, n. 7, *citing*, *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).[2]

## **Analysis**

It is apparent, and the plaintiff conceded, that at the time of removal federal claims including a claim under the Family and Medical Leave Act (FMLA) were alleged in the state court petitions. Therefore, the defendants properly removed the case under 28 U.S.C. § 1441(b) based on federal question jurisdiction. After removal the plaintiff amended her petition to dismiss the FMLA and any and all federal claims.[3] This amendment does not negate or defeat the basis for subject matter jurisdiction that was present at the time of removal.

The only question left to consider is whether the court should retain or decline supplemental jurisdiction over the plaintiff's state law claims. Considering the relevant factors and the circumstances of this case, continuing to exercise jurisdiction

---

[2] This is a general statement and not a mandatory rule. *Carnegie-Melon*, *supra*; *Brookshire Bros. Holding, Inc. v. Dayco Products*, 554 F.3d 595, 606 (5th Cir. 2009).

[3] Record document number 13.

4

over the claims under state law is not justified.

The nature/character of the state law claims and governing law do not weigh in favor of retaining jurisdiction. Plaintiff's claim is in essence an employment dispute involving state law related to tenure and rights associated with tenure, such as grievance and hearing procedures. While there is no indication that the issues are novel or complex, the interest of comity is better served by allowing the state court to decide these state employment law questions, which are clearly distinct from the law governing the FMLA or federal constitutional claims. The interest of judicial economy is also served because this lawsuit is in its very early stages. At this point in the litigation, neither this court or the parties have invested significant time or resources in the case.[4] Defendants did not contend that remand of the state law claims would cause them any inconvenience or prejudice their ability to defend this suit. Because of the plaintiff's amendment, the defendants no longer have to be concerned with defending against any FMLA or other federal claims.

Defendants' chief argument in support of the court exercising its supplemental jurisdiction is that despite being advised of the intent to remove the case, the plaintiff did not dismiss the

---

[4] *See*, *Brookshire Bros. Holding*, *supra* (court abuses discretion by declining to exercise jurisdiction over remaining state law claims after investing significant amount of judicial resources in litigation).

federal claims prior to removal. Therefore, defendant argued, the plaintiff's actions to eliminate the claims almost immediately after the removal are not in good faith and amount to forum manipulation, i.e., an effort to avoid the jurisdiction of this court and obtain a more favorable forum. Defendant's argument is unpersuasive.

The record does not support finding that the plaintiff's decision to drop all federal claims is forum manipulation. Plaintiff unequivocally amended to dismiss her federal claims knowing the court had discretion to retain or decline supplemental jurisdiction. The amendment was not conditioned on a remand. Plaintiff's decision to dismiss her federal claims at this time is consistent with her decision to file suit in state court which had jurisdiction over both the state and federal claims. Nothing in the record supports a finding that the plaintiff's actions are a bad faith attempt at forum manipulation. Even if this factor were weighed against remand, it would not outweigh all the other factors which indicate that this case properly belongs in state court.

## Recommendation

It is the recommendation of the magistrate judgment that the plaintiff's Motion to Remand this case for lack of subject matter jurisdiction be denied. It is further recommended that the court exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline the

exercise supplemental jurisdiction over the plaintiff's remaining state law claims and remand this case to state court.[5]

Baton Rouge, Louisiana, December 7, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants argued that if the court remands the case they should be awarded the costs and expenses incurred as a result of the removal. Defendants did not show that their request for fees and expenses falls within 28 U.S.C. § 1447(c) or any other federal law. This case does not involve a remand for lack of subject matter jurisdiction as contemplated by § 1447(c). The remand recommended here is discretionary under § 1367(c), which requires remand rather than a dismissal of the plaintiff's state law claims.